Mathews, .J.
delivered the opinion of the court. The plaiatiff and appellee instituted this suit, to recover compensation for services rendered to the defendant, in editing^a newspaper, called Le Moniteur. He relied on a written agreement entered into by the parties, by which it was covenanted that he should#have the direction and management of the paper, during the absence of the defendant from the city, or at least for the space of one year, and that the profits should be divided among them. The petition states, that he had by great trouble and pain procured an increase of subscribers, that he had been conducting its publication for the space of three weeks, with such diligence and discretion, as to promise considerable profit, when the defendant interfered, in violation of his contract, and insisted, in opposition to the true interest of both, on having published a piece of his own composition, in favour of monarchical power. In consequence of which interference, the plaintiff withdrew from the defendant’s printing office, and refused any longer to take upon himself the care of editing the paper.
On this statement of the cause of action, tak *655 en together with the written agreement of the . ° . . ° . parties, we are of opinion, that the plaintiff has no right to recover. ° ⅜
De Armas for the plaintiff, Denis for the defendant.
⅜ Having by an express stipulation the care, and direction of the manner in which the Moniteur should be conducted, during all the time of thó absence of the proprietor, or for the term of one year, whilst .that period continued he was master of the press, and had as much right to refuse the publication of any improper piece, offered by the defendant, as of those presented by any other person. He ought to have maintained his situation and standing as editor, and persisted in the fulfilment of his duties, under the contract. There is nothing alledgcd or proven against the defendant, which authorised the plaintiff, to decline the performance of his engagements, during the period stipulated, and to sue for damages, as on a breach committed by the defendant.
It is, therefore, ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that judgment, as in a ease of non-suit, be entered against the plaintiff and appellee, and that he pay costs in both courts.